UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

GLORIA DAVIS,

    Plaintiff,                     CASE NO.:

-VS-

                            **JURY TRIAL DEMANDED**

CITIFINANCIAL CORPORATION, LLC
n/k/a ONEMAINFINANCIAL, INC.

    Defendant.

_____/

## COMPLAINT

1.    Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.    Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3.    The alleged violations described in the Complaint occurred in Alachua County, Florida.

## FACTUAL ALLEGATIONS

4.    Plaintiff is a natural person, and citizen of the State of Florida, residing in Alachua County, Florida

5.    Plaintiff is a "consumer" as defined in Florida Statute 559.55(2).

6.    Plaintiff is an "alleged debtor."

7.    Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

8.      Defendant, CitiFinancial Corporation, LLC n/k/a Onemainfinancial, Inc. (hereinafter "Defendant"), is a corporation which was formed in Delaware with its principal place of business at 300 St. Paul Place, Baltimore, MD 21202 and conducting business in the state of Florida through its registered agent, CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9.      The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1).

10.     Defendant called the Plaintiff approximately fifty (50) times since December 2013, in an attempt to collect a debt.

11.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

12.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

13.     On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

14.     Each call Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

15.     Each call Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

16.     On or about December 2013, Plaintiff began receiving calls from the Defendant to her cellular telephone looking an individual known as "Geraldo Rivera."

2

17.     Plaintiff does not know, nor has ever known, an individual by the name of "Geraldo Rivera."

18.     On multiple occasions Plaintiff would explain to the agents of Defendant that they are calling the wrong number and to stop, however the agents acted as if they did not believe Plaintiff and continued their onslaught of calls.

19.     Defendant's calls continued unabated however beginning and on or about February 2014, the Defendant began referencing the Plaintiff directly by her name, "Ms. Davis," rather than referencing a "Geraldo Rivera."

20.     Plaintiff does not now, nor has she ever had, any account or business with the Defendant.

21.     Plaintiff has possessed her current cellular telephone number for the last ten (10) years and is unsure as to how Defendant procured her cellular telephone number.

22.     Due to the volume of calls, Plaintiff was not able to catalogue every single call she received from the Defendant, however below is a small sampling of the calls she received:

      i)      December 23, 2013 at 10:19 am

      ii)     December 28, 2013 at 8:31 am

      iii)    December 28, 2013 at 9:26 am

      iv)    December 28, 2013 at 10:39 am

      v)     December 30, 2013 at 9:27 am

      vi)    December 30, 2013 at 11:41 am

      vii)   January 2, 2014 at 8:22 am

      viii)  January 2, 2014 at 10:32 am

      ix)    January 2, 2014 at 1:43 pm

      x)     January 2, 2014 at 4:17 pm

      xi)    January 3, 2014 at 8:15 am

xii)     January 3, 2014 at 2:14 pm

xiii)    January 3, 2014 at 5:39 pm

xiv)     January 6, 2014 at 8:40 am

xv)      January 6, 2014 at 4:37 pm

xvi)     January 7, 2014 at 4:04 pm

xvii)    January 23, 2014 at 8:27 am

xviii)   January 24, 2014 at 4:26 pm

xix)     January 27, 2014 at 9:24 am

xx)      January 28, 2014 at 5:07 pm

xxi)     January 28, 2014 at 5:17 pm

xxii)    January 29, 2014 at 8:58 am

xxiii)   January 30, 2014 at 3:21 pm

23.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

24.     Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or Defendant, to remove the incorrect number.

25.     Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to Defendant that they are the wrong party.

26.     Defendant has numerous other federal lawsuits pending against them alleging similar violations as stated in this complaint.

27.     Defendant has numerous complaints against them across the country asserting that their automatic telephone dialing system continues to call the wrong people.

28.     Defendant has had numerous complaints from consumers against them across the country asking to not be called, however the Defendant continues to call.

29.     Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

30.     Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

31.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

32.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

33.     Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

34.     Plaintiff incorporates paragraphs one (1) through thirty-three (33) above.

35.     Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II

**(Violation of the FCCPA)**

36.     Plaintiff incorporates paragraphs one (1) through thirty-three (33) above.

37.     At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

38.     Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

39.     Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

40.     Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

41.     Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

       **WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, punitive damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

William Peerce Howard, Esquire
Morgan & Morgan, Tampa,  P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele:  (813) 223-5505
Fax:  (813) 223-5402
BHoward@forthepeople.com
Florida Bar #:  0103330
Attorney for Plaintiff